UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LISA LANDRY | CIVIL ACTION NO. 6:23-CV-01435 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| JOSE CORA-QUINTERO ET AL | MAGISTRATE JUDGE DAVID J. AYO |

**REPORT AND RECOMMENDATION**

Before the Court is a MOTION TO REMAND filed by Plaintiff Lisa Landry. (Rec. Doc. 9). Defendants Action Resources LLC and Third Coast Insurance Company oppose the motion. (Rec. Doc. 11). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that the motion be DENIED.

**Factual Background**

This suit arises from a June 10, 2022, motor vehicle accident on Interstate 10 in St. Martin Parish, Louisiana. (Petition, Rec. Doc. 1-1, ¶ 4.). Landry alleges that she slowed down to avoid a motor vehicle accident in front of her and was hit from behind by an 18-wheeler driven by defendant Jose Cora-Quintero. (*Id.*). On May 22, 2023, Landry filed suit against Cora-Quintero, Action (as the owner of the truck driven by Cora-Quintero), Third Coast (as the insurer of Action), and State Farm Mutual Automobile Insurance Co. (as Landry's uninsured/underinsured insurer) in the 16th Judicial District Court, St. Martin Parish, Louisiana. (*Id.*, generally). Landry's suit alleges that the accident was caused by Cora-Quintero's fault and that Action negligently entrusted the 18-wheeler to Cora-Quintero for which and seeks damages for past and future pain and suffering, past and future mental anguish, medical expenses, loss of enjoyment of life, loss of income, property damage, and disability. (*Id.* at ¶ 12). In accordance with Louisiana law, Landry's petition did not assign

specific amounts to the claims asserted against the Defendants.[1] Although permitted by Louisiana law, the petition does not generally allege whether the claim exceeds or is less than the amount required for federal jurisdictional purposes. (*Id.*, generally).

Action and Cora-Quintero were served with the state court petition on May 30, 2023, and Third Coast and State Farm were served on June 1, 2023. (Rec. Docs. 9-3, 9-4). On September 14, 2023, counsel for Defendants requested that Landry execute a stipulation confirming that the total amount of damages she was seeking did not exceed $75,000 and on September 15, 2023, Landry's counsel responded that Landry would not agree to the stipulation stating that "the amount in controversy herein far exceeds $75,000." (Rec. Doc. 1, at p. 4, Rec. Doc. 1-2).

Relying on Landry's refusal to stipulate, counsel's statement that the damages far exceed $75,000, and supplemental medical records produced by Landry on October 4, 2023,[2] Action and Third Coast removed the matter to this court on October 11, 2023, alleging diversity jurisdiction and an amount in controversy exceeding $75,000 exclusive of costs and interest. (Rec. Doc. 1). Defendants further alleged that the removal was timely because it was filed "within thirty (30) days of its receipt of "other paper" from which it was first ascertained this case had become removable and within one year of filing of suit." (*Id.*). Landry's instant motion challenges removal jurisdiction based the timeliness of the removal. (Rec. Doc. 9).

---

[1] *See* Rec. Doc. 1-1. Louisiana law forbids the pleading of a "specific monetary amount of damages" but permits "a general allegation that the claim exceeds or is less than the requisite amount" required for federal jurisdiction or other purposes. LA. CODE CIV. PROC. art. 893(A)(1).

[2] The Notice of Removal includes the following: "On October 4, 2023, counsel for Plaintiff produced medical records indicating Ms. Landry was recently administered bilateral C3-C4, C4-C5, and C5-C6 medial branch blocks. Upon current information and belief, the medical expenses of Plaintiff incurred to date exceed $25,000 and may be continuing. The foregoing consists of additional evidence the amount in controversy in this case exceeds $75,000, exclusive of interest and costs." (Rec. Doc. 1, ¶ X).

## Law and Analysis

Federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §1332. Generally, upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, Action and Third Coast, as the parties seeking to invoke federal diversity jurisdiction under §1332, bear the burden of establishing that the parties are diverse, that the amount in controversy exceeds $75,000, and that it complied with removal procedures. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

### A. Diversity Jurisdiction

The parties do not dispute diversity of citizenship and that the amount in controversy exceeds $75,000. (Rec. Doc. 9-1, at p. 5). The Court has reviewed the parties' citizenship and agrees that they are diverse for jurisdictional purposes. While neither party challenges that the amount in controversy exceeds $75,000, the Court remains obligated to ascertain whether the jurisdictional threshold is satisfied to ensure that federal jurisdiction is proper. Based on the nature of Landry's alleged injuries (which caused her to undergo bilateral C3-C4, C4-C5, and C5-C6 medial branch blocks and a total of $25,000 in medical expenses as of October 4, 2023), assertions that the treatment remains ongoing, counsel's assertion that "the severity of her injuries as represented by the facts of this accident as well as her treatment to date have placed all parties on notice that the amount in controversy herein far exceeds $75,000, to date"[3] and based on the arguments of counsel, the Court also finds that the amount in

---

[3] Rec. Docs. 1, ¶ X; 1-2.

controversy exceeds $75,000.  Thus, the Court finds that it has jurisdiction such that the only remaining issue is the *timeliness* of the removal.

### **B. Timeliness of Removal**

28 U.S.C. §1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

When the initial pleading does not indicate whether removal is proper, the defendant may remove the case within thirty days "after receipt…through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

In *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002), the Fifth Circuit discussed the differing standards for removal based upon the initial pleading under §1446(b)(1) and removal based upon the receipt of subsequent pleadings or "other paper" under §1446(b)(3). Under § 1446(b)(1), the 30-day time limit commencing with the initial pleading is triggered "only when that pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id*. (emphasis in original).  Under § 1446(b)(3), the 30-day time limit commencing with the receipt of a subsequent pleading or "other paper" is triggered by receipt of information which is "unequivocally clear and certain."  Holding that the latter standard is clearer than the former, the court reasoned:

> This clearer threshold promotes judicial economy. It should reduce "protective" removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence

4

> through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

*Id.* at 211 (adopting the Tenth Circuit's approach in *DeBry v. Transamerica Corp.,* 601 F.2d 480 (10th Cir. 1979)).

The parties do not dispute that Landry's petition did not affirmatively establish an amount in controversy exceeding $75,000. *See* Petition, Rec. Doc. 1-2. However, Landry claims that on May 2, 2023, she "provided the defendants with a detailed demand to amicably settle her bodily injury claims for the entirety of each and all of the defendants' commercial liability insurance policies." (Rec. Doc, 9, ¶ 2). Landry further alleges that Defendants

> do not contest that they have been on notice that the amount in controversy herein is 'likely to exceed the jurisdictional amount of $75,000.00' since at least May 2, 2023, and all other facts pertaining to removal, such as diversity of citizenship, was known at least as early as service of the defendants on June 1, 2023."

(*Id.* at ¶ 5). Citing *Minissale v. State Farm Fire & Cas. Co.,* 988 F. Supp. 2d 472 (E.D. Pa. 2013), Landry argues that "courts have routinely held that pre-litigation settlement negotiations are sufficient to place defendants on notice of the amount in controversy, meaning that the deadline to remove an action runs from the moment the defendant is served and no later." (Rec. Doc. 9-1, at p. 7). Accordingly, Landry argues that Defendants knew that her claims exceeded $75,000 at the time the petition was filed, that any removal should have been filed by July 1, 2023 (30 days after the petition was served), and that the October 11, 2023, removal is untimely.

Contrary to Landry's assertion set forth above, Defendants do contest that they were on notice that the amount in controversy likely exceeded the jurisdictional amount of $75,000.00 since at least May 2, 2023 and argue that the earliest they were aware that the amount in controversy exceeded the $75,000 threshold was on September 15, 2023 when

5

Landry's counsel equivocally stated this fact by email. (Rec. Doc. 11, at p. 1). Defendants further assert that "the Motion to Remand specifically ignores established Fifth Circuit precedent" regarding whether a pre-suit settlement demand triggers the 30-day period for removal. *Id.* Defendants distinguish the out-of-circuit district court cases cited by Landry.

The Court is not persuaded by Landry's arguments. The state court petition did not satisfy the "bright line rule" that requires a plaintiff to make a specific allegation of damages in excess of "the federal jurisdictional amount" to start the 30-day clock for removal. *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992). Moreover, Landry did not avail herself of the option provided by Louisiana law to affirmatively state the $75,000 threshold would be exceeded. As a result, this case was not removable upon service of the original petition.

In addition, the May 2, 2023, settlement demand that Landry's counsel provided to the Defendants *before* she filed suit on May 22, 2023, was insufficient to trigger the period for removal. *Chapman*, 969 F.2d at 164; *see also Bonilla v. State Farm Mut. Auto. Ins. Co.*, 2024 WL 1461343 (E.D. La. April 4, 2024); *Wright v. Nat'l Interstate Ins. Co.*, 2017 WL 344283 (E.D. La. Jan. 24, 2017). Indeed, "[b]y its plain terms [28 U.S.C. § 1446(b)(3)] requires that if an 'other paper' is to trigger the thirty-day time period[,] ... the defendant must receive the 'other paper' only after it receives the initial pleading." *Id.* As a result, the Court does not consider Defendants' receipt of Landry's May 2, 2023 settlement demand or any other knowledge Defendants may have had prior to the filing of the instant suit on May 22, 2023 as "other paper."

In response to Defendants' requests for Landry's updated medical condition and records and for a stipulation that Landry's damages did not exceed $75,000, Landry's counsel responded:

6

> Ms. Lisa will not be agreeing to this stipulation. It is our position the severity of her injuries as represented by the facts of this accident as well as her treatment to date have placed all parties on notice that the amount in controversy herein far exceeds $75,000.00, and that all parties have been on notice of the same for a significant period of time to date.

(Rec. Doc. 1-2, at p.1). The Court finds that counsel's statement constituted the "other paper" in this case that allowed Defendants to ascertain the case was removable to federal court. Moreover, this email was received after the initial pleadings and obviated any need for Defendants to rely on subjective knowledge in their efforts to determine the amount in controversy. Defendants' 30-day period to remove under 28 U.S.C. § 1446(b)(3) began on that day—September 15, 2023—and expired on October 15, 2023, four days after Defendants filed the Notice of Removal.

Based on the totality of the record, because Defendants removed this case less than 30 days after Defendants received the "other paper," the removal was timely and federal jurisdiction exists.

## Conclusion

For the reasons discussed herein, the Court recommends that the MOTION TO REMAND (Rec. Doc. 9) filed by Plaintiff Lisa Landry be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar

7

an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers in Lafayette, Louisiana on this 25th day of June, 2024.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**